321-0350, the people of the state of Illinois, Appley v. Gavin P. Jones, appellant. Okay, again, good morning, and I just want to start off by explaining that Justice McDade cannot be here today, but she will be listening. Obviously, it's all being recorded, and she will be listening to the recordings of the arguments. Okay? All right. Ms. Taylor, are you ready to go? Good morning. May it please the court, counsel. I'm Kelly Taylor from the Office of the State Appellate Defender on behalf of the appellant, Gavin Jones. Mr. Jones is appealing his conviction for unlawful possession of a controlled substance. There are three issues in the case. First, the jury was given a non-IPI instruction containing a mandatory presumption. Second, medical records may now be admitted as a business record, as business records, and the change applies retroactively to Mr. Jones's case. And third, the state committed prosecutorial misconduct several times throughout the course of the trial. I will be focusing on the first two issues, but I will address the third issue if it is necessary or if questions arise. Mr. Jones was charged with possessing five hydrocodone pills for which he had a prescription. At the end of the closing arguments, the jury was a person to whom or for whose use any controlled substance has been prescribed or dispensed by any practitioner may lawfully possess the substance only in the container in which it was delivered to him or her by the person dispensing such substance. First of all, this non-IPI instruction created a mandatory presumption that conflicted with the presumption of innocence. The jury was unlawful possession of a controlled substance despite the fact that he had a prescription for his neck and back pain. How is that a mandatory presumption? Is it inconsistent with the law? It is. It is not an element of unlawful possession of a controlled substance. It was not an element of the offense, and the state knew that it would lose this case, so it went after Mr. Jones's valid defense that he had here, and the instruction totally barred from presenting his valid defense because it created an element of the offense that is not an element of the offense. The state argues in its brief that the presumption or that it doesn't say the words shall or presume in the instruction, so it can't be a mandatory presumptive instruction, but shall or presume aren't the operative words here. It's the fact that it directed the jury to find Mr. Jones guilty of the innocent conduct. The state then argues that it's not innocent conduct and that keeping prescribed medication in a canister is unlawful conduct. When defendant likened it in his brief to somebody who keeps medications in a Monday through Sunday pill organizer, the state asserted that that is also unlawful conduct. The state below, though, cherry picked this non-IPI instruction from Section 312 of the Controlled Substances Act. Section 312 is a regulatory statute titled Requirements for Dispensing Controlled Substances, and it is medical practitioners. Mr. Jones does not dispense controlled substances, nor was he charged under Section 312G. There is no penalty listed for a violation of Section 312G. Mr. Jones was charged under Section 402C of the Act, and nowhere in Section 402 of the Act does it keep a prescribed medication in a container other than the one issued by the dispenser. If the legislature had intended to make it a crime to possess a prescribed medication outside of the original container, it would have done so under the unauthorized possession section of the Act, which it didn't. It would result in an absurd result if it was considered unlawful conduct for someone to keep their prescribed medication in a, say, Monday through Sunday pill organizer. It would be absurd that someone who keeps their prescribed medication in a Monday through Sunday pill organizer, it's absurd if that conduct is, if that person would be guilty of the same offense as someone who possessed a controlled substance without a prescription for recreational use. Is it a felony to keep prescribed medication in a Monday through Sunday pill organizer? Is it a misdemeanor? No, because it's not a criminal offense. I mean, by the logic here, if someone wanted to carry a single dose of their medication on their person while they were hiking at Starved Rock, they would be guilty of unlawful possession of a controlled substance. It would be an absurd result to have, you know, for someone to be expected to carry their entire bottle of medication on their person at all times and not be allowed to remove a single dose, ever. Council, just because someone drives at, because if a speed limit in a residential area or in an area is set at 25 miles an hour and absolutely no one drives 25 miles an hour or under, that doesn't make issuing a speeding ticket for driving 30 miles an hour absurd. Isn't that analogous to this? I don't believe so because the, you know, the conduct of speeding through a residential neighborhood is dangerous. And that was, you know, that law was put into a place for a reason. But here, carrying a dose of a medication outside of a prescription bottle, it's just, it's innocent conduct. And I mean, if the legislature had intended on criminalizing that, it should have been under 402, under unauthorized possession. I just, I'm not sure that they're analogous. And I think, you know, the state preventing someone from removing a dose of their prescribed medication from the bottle is just, it's absurd. And it's not, Mr. Jones wasn't charged for violating that statute. And I mean, has anyone really been There's no penalty prescribed and it's not, it's not an element of the offense anywhere. So I hear it really was a matter of, you know, he had a defense and the state had to come up with some way to negate that defense or else it, the jury would have acquitted him. Don't you think that a way to describe that language, and I may agree with much of what you're saying, but don't you think a way to describe that language is that it just simply helps define what is lawful and unlawful. It isn't necessarily creating a new element. It's just explaining what the word lawful or unlawful means as to the charge. It's really just, you know, the fact that it's listed under this 312, this regulatory statute for prescribers. It is in the criminal code though. It's under the criminal code, but then, I mean, if it, if it were an offense to, that you'd be guilty of carrying medication, you'd be guilty of an unlawful possession of a controlled substance. It just, it's not under 402, the unauthorized possession statute. And it just, it just makes no sense. And, you know, not to belabor it, but he, he was charged with under 402 C and not under 312 G. I mean, is the state going around prosecuting people's grandmas who have Monday through Sunday pill organizers? Mine did. I mean, she passed away, but I, I hate to think that she was committing a felony all this time. It just, the legislature would have made it more clear. The, so the, the non-IPI instruction, it directed the jury to find Mr. Jones guilty of the unlawful possession of a controlled substance for storing his medication in a non-prescription bottle. And the instruction, it contained a mandatory presumption and it criminalized innocent conduct and it should never have been given. For these reasons, Mr. Jones respectfully requests that this court reverse his conviction and remand the cause for further proceedings. The trial court granted the state's motion in limine to bar Mr. Jones from admitting medical records and evidence, including evidence that he had a, he had a prescription for the hydrocodone. The state wanted all mention of the prescription barred due to relevance. The state, the state argued that it wasn't relevant that Mr. Jones had a prescription from three years ago for the hydrocodone. At the time, medical records were prohibited from being admitted as a business record exception to the hearsay rule. But as of 2022, the amendment to Illinois rule of evidence 8036 makes medical records admissible as evidence. The Illinois Supreme Court's holding in People v. DeRue, it applies the amendment retroactively. Thus, Mr. Jones should be granted a new trial to introduce the records as evidence at his new trial. The state argues in its brief that this would not change the outcome of trial because Mr. Jones testified to the contents of the medical records at trial. However, the state below insinuated during closing argument that Mr. Jones was lying because he did not provide evidence of his prescription. The state knew Mr. Jones had a prescription because it was the one who sought to bar the evidence of the prescription. The state said that Mr. Jones was quote basically saying take his word for it alone. The state then said so he doesn't come in here with a prescription that says I was given a three month dose or a two month dose that had these pills on a certain amount on a certain day from a certain doctor from a certain pharmacist. The state continued on there's no doctor coming in here and testifying oh yeah I prescribed these pills. There's no physician assistant saying sure yeah I prescribed these pills 10,000 of them and they should be expected to last three to six years after the time I prescribed them. The state says nothing from OSF, no specific dates, nothing from a pharmacy, nothing. Being allowed to introduce the medical records absolutely would have changed the outcome of Mr. Jones's case because it would have contradicted the state's inference that he lied about having a prescription for the hydrocodone. Because the change to the law regarding the admission of medical records applies retroactively Mr. Jones respectfully requests that this honorable court reverse his conviction and remand the cause for further proceedings. During Mr. Jones's trial the state made several comments that were unfair and impermissible and which denied Mr. Jones his due process right to a fair trial. The state referred to his drug convictions that were admitted for impeachment purposes as the state referred to them as felonies instead of convictions. This gave the jury more prejudicial info than was necessary or proper. Also as previously discussed the state shifted the burden in pointing out during closing what evidence Mr. Jones didn't present. This was improper, it was unfair and frankly it was punching down. As previously discussed the state knew Mr. Jones had this prescription, the state knew there was 54 pages of medical records with specific hospitals and physicians and dates and amounts of pills. And the state then implied that Mr. Jones was lying because it bemoaned the lack of specificity in his testimony and stated that the jury was just supposed to believe the credibility of a twice convicted felon. That's just so unfair and so unnecessary. The prosecutor's misconduct was so pervasive that it permeated the proceedings and it denied Mr. Jones a fair trial. The cumulative impact of material factor leading to his conviction. For these reasons Mr. Jones respectfully requests that this honorable court reverse his conviction and remand for further proceedings. I have no nothing else unless there are further questions. Justice Albert, do you have any questions? What about the length of the age of the prescription and because there's a problem with holding on to drugs longer than the prescribed period of time and then why didn't the defendant bring a simple keeper of the records to testify at trial? It happens all the time, it happened all the time in every single civil case. All you have to do is bring, I mean it would have been so easy to lay a foundation under the existing hearsay rule to admit those records. So that was kind of a, I believe your question was two parts. So the first part as far as the age of the prescription, the state absolutely was entitled to argue that in its closing. It could argue as much as it wanted about this is an old prescription, these couldn't be the same pills, whatever. But in my research there I could find no case or no statute that says anything about the age of prescriptions being improper, being an issue. The pharmacist can't prescribe them when the prescription is more than six months old, but that more so has to do with like the potency of the medication and not that there's any rule or law anywhere that says you can't carry a any length of time. There is a case I didn't cite to in my brief I stumbled upon though that you know where a court found that the length of the age of prescription didn't matter when it ended up giving somebody their job back in this administrative case. As far as your second point Justice Albrecht, so this all went down just a couple days before trial and defense counsel was looking into bringing in a keeper of records from the hospital. And just a few days before trial the state's motion to eliminate was granted and he was told he couldn't bring in the records at all. And this was under the old statute that's been abrogated by 8036. And I think my time is up unless there's anything else. Okay thank you. All right Ms. Navarro are you ready to proceed? Yes Judge. May it please the court my name is Karen Navarro I represent the state of Illinois. This case was originally briefed by Ms. Kelly Craft however I will be doing the oral argument today. Unappealed defendant raised three issues. The first issue was that defendant was denied a fair trial where the trial court gave an improper non-IPI during instruction. The second issue was that defendant should be granted a new trial based on the changes to rules of evidence 8036. And the third issue was that defendant's due process was violated due to the state's comments and therefore it was it's reversible error as cumulative. I'd like to focus on the first and second issue however I can definitely answer questions as to the third. On the first issue defendant argues that the trial court erred when it gave a improper non-IP and proper mandatory presumption and it shifted the burden to the defendant. Here in analyzing a jury instruction given by a trial court it is reviewed under an abusive discretion standard and it focuses on whether the instruction was accurate, simple, brief, impartial, and non-argumentative statement of the law. When we look at the instruction that was given it mirrored a 720 ILCS 573 instruction ended up being a person for whom or for whose use of any controlled substance has been prescribed or dispensed by a practitioner may lawfully possess substances only of the container in which it was delivered to him or her by the person dispensing such substance. This essentially mirrored 312 G and I understand that the appellant's point is that this created an additional element to the offense as defendant was charged with unlawful possession of a controlled substance. But here I think that looking at people versus Hayman there was a it was 402 C for unlawful possession of a controlled substance and in there the appellate court noted that when when dealing with a prescribed substance that it is important and it even still went through the process of looking at 312 G. The court noted that the state in that case was right by bringing up 312 G because it noted that when it it's relating to lawfully prescribed prescriptions that it still must show that the person carried it in the container in which it was prescribed. So here even in people versus Hayman it has been established that that requirement or that that instruction that was given was not improper because it does go towards the lawfulness of the defendant's conduct. Here the instruction did not create a mandatory presumption because it was the jury still had to determine whether defendant's conduct was unlawful did not automatically create something that the jury had to accept. So that's why the state believes that it was a proper instruction that was given and it's not creating an additional element because even in people versus Hayman the appellate court addressed the fact that when in Hayman the defendant was barred from bringing any testimony regarding a prescription so he was not even allowed to talk about it himself and the court stated that there was no error because defendant's testimony about a prescription did not include times it didn't include who prescribed it the time frame that it was prescribed the dosage and even so noted that even if it was error to bar that testimony it still didn't go towards the fact that it was not in a was not in the same container in which it was prescribed essentially upholding the fact that it was the trial court was allowed to look at whether the container that it was prescribed was the container that defendant had the substance in. So the state does not believe that this was creating a new element but rather it was clarifying part of the unlawful possession of a controlled substance elements here. And then issue number two goes back to that rule 8036 defendant was prohibited from including medical records which was the prescription that defendant claim that was present from when he was prescribed from 2013 to 2016 approximately 10,000 pills and in the in the trial court the court was operating under the prior statute it has been changed and was changed in 2022 where it essentially striked the prohibition of medical records being admitted so at this point they are able to be admitted however even when you look at was no mention that it would be applied retroactively there was no mention that it was going to be applied retroactively it did mention and it did cite two cases where if there was a pending case that if it was a procedural change that it could be applied but when we look this case this case is no the mention there was to ongoing trials it was not two cases that cases that had already been adjudicated here the trial has already passed defendant was sentenced and we are now on an appeal it's no longer an ongoing trial and that's essentially where even jeru was looking towards when they cited it they were citing lambert which was a case that was the law was changed prior to the trial beginning the case there was still considered ongoing here the trial has been done by the time that there was a change to rule 803 six so there wasn't an ongoing trial where this could have been applied here we would be applying it going redoing an entire trial not applying an ongoing trial so state does not believe that 8036 was have already been adjudicated as this was not mentioned in zero when the opinion came out and it's and yeah it's for those reasons that the state believes that the trial court did not err in issuing the improper issuing the jury instruction nor defendant should be entitled to a new trial based on a change in law that occurred after defendant's case was already adjudicated and if the court has any questions i'd be happy to answer them could you address the issue of the judicial of the prosecutorial misconduct of course um the third issue that defendant raised was that there was cumulative error um one of the ones that um council noted was that so the state when it was introducing to convict to the two felony convictions for defendants um for impeachment purposes the state said um we would like to admit the two felony convictions um here the state does not believe that that was improper because there was no misleading that was going on immediately after stating that the state went ahead and dictated what those two convictions were put on the record um the date of the case the fact that one of them was um for a possession of methamphetamines the second felony conviction was for attempt possession of meth manufacturing materials there was no misleading the jury here it was not overly prejudiced because it wasn't a sole mentioning of there's a felony and um as defending shows that in adkins um the court stated that a mere fact is not sufficient for impeachment purposes which would be barely stating well there was a felony and the jury is only looking at it based on the word felony here that was not the case the jury got to hear what the actual convictions were for so there they weren't they weren't taking into consideration merely the word felony because they got to hear the date of the offense the fact that he was convicted for the offense and what the offense was so here the jury got more than just the mere fact that there were felonies um that's why it would not be um shifted the burden by bringing up the fact that defendant had not brought a prescription did not bring any testimony of a doctor of a prescriber a pharmacist of really anybody to corroborate what defendant had testified but this was all invited by defense counsel during their own closing argument and in closing arguments the state is offered a wide latitude as to their closing argument and here the state was merely responding to defense counsel's own argument as to the credibility of defendant's statements that's something that is is allowed to be addressed by the state in their closing argument so here it was allowed for the state because this was something that was invited by the defense counsel when they brought up the prescription the fact that defendant had a prescription the fact that defendant had testified to his prescription and that he was lawfully containing these um the substance so here it was something that was invited so the state was to respond and because the state was allowed to respond it was not improper um for the state to mention the prescription because that was something that could have been addressed and there could have been corroborating testimony um from doctors or from other individuals to the dates of this prescription of when it was issued the fact that it was issued um so that's why the state does not believe that any of these amounted to reversible error on their own and because none of these allegations amount to reversible error on their own there cannot be any cumulative error which would require reversal do you have any more questions justice albert i do not all right i have one question um don't you don't you agree to some extent with uh the defense position that the uh the interpretation that the state is uh encouraging that the court filed and that in the hyman case um with regard to um that language in uh 312 with regard to the container that if that is the case and that is going to be the law that it will criminalize conduct that is probably not probably but let's just be honest is widely widely um occurring with people who would have no idea it may in fact maybe the odds are somebody in this in this virtual courtroom right now may have taken a prescription and separated it out into a day uh a pill a weekly pill organizer or taken some portion of uh on a vacation rather than take the entire bottle um but that's probably something done by probably you could argue majority of the public and the fact is if you're if your position is accepted in the position taken in hyman that it would criminalize it the fact that law enforcement apparently has the common sense not to be arresting people for these which is what is happening i you know i think it's just common sense pragmatic law enforcement the police probably wouldn't even think of or know that that could be criminal conduct unless this case hits the books and uh and it goes out there but do you do you disagree with her argument and i'm not saying it's just a problem it may be a problem for the legislature to take care of but do you agree with her argument that this criminalizes a lot of kind of much conduct that the general public is engaging in and would have no idea that it is actually criminal whether it be a misdemeanor or a felony or at some level um it depends on what the substance is in the prescription but what do you say um and in responding to that i think i would have to kind of think about this um just in preparing for the argument like i said i wasn't the one that briefed it so this that was something that i really thought about when i was hard not to yes and i kind of i know justice albrecht mentioned the speeding but i kind of also looked at it like even something as simple as a tinted window so many people have tinted windows but that is criminal conduct but again it's up to the police officer and even after a police officer issues a ticket the state still has some sort of judgment as to whether they want to continue to prosecute that because there are these instances where many people do it is do we really want to criminalize all the conduct but i think one of the things that we need to look at here is also the type of substance that defendant was carrying um here it was not something that it wasn't a blood pressure medicine medication it wasn't um something for the insulin that's very commonly given this was um just in looking at this substance and its own i think that is one of the reasons why it it should be still contained in that 312g be given because this is a higher level of a medication that is given that here should have more protections um just when you look at it um something as simple as xanic that's still a little bit lower than this um there's still some pharmacies that will only issue a 30-day prescription because them or and will require a paper written prescription because there's a higher level of danger if this is not contained the proper way so i do understand that limited to controlled substances so the statute under where defendant was initially charged was limited to a controlled substance and that's where the 312g is then being applied to assist in the determination of what is considered unlawful um it's not looking at criminalizing non-controlled substances so i think that that is very key here um because it is criminalizing what defendant was charged with was a controlled substance um and then 312g came in after to assist in that but it wasn't looking at non-controlled substances so i still think that there is that differentiation um that is very important here all right do you have any other questions justice albert i do not all right miss taylor you get a last say thank you so um the state you know the state says that it that the non-ipi instruction clarified um another aspect of unlawful possession of a controlled substance again he wasn't charged with anything related to carrying the medication in um in a different bottle it was almost it was a surprise um you can tell by the record that defense council was preparing to defend against you know the earlier arguments by the state that this is an old prescription or or what have you um he was it was right before trial that defense council realized he would have to figure out a way to defend against um you know being told that okay prescription totally irrelevant it's outside of the bottle you're guilty so that it's just it was it was like an unfair surprise here it's not an element of the offense and it was it was being treated as if it were um as far as hayman that case is distinguishable because in that case the uh the defendant had you know she she wouldn't reveal who who prescribed the medication when the medication was prescribed she was really just expecting the court or the jury to take it on her word that she had a prescription whereas here we know he had a prescription there's 54 pages of records that he had a prescription and you know despite or in light of the differences between this case and hayman i'm hayman the dicta in that paragraph 23 that discusses 312g i would argue that the court wrongly decided um or not wrongly decided because like i said there was not specificity but wrongly to the extent the court relied on that 312g argument that was that was wrong um as far as the felony convictions they were they were low level here the average juror probably doesn't know that possession or attempt possession of manufactured meth manufacturing materials um is a felony it sounds like it could be a misdemeanor it's a pretty low level felony so it was just unnecessary to tell them beyond the fact that they were convictions the jury heard what the convictions were for it doesn't it didn't need to know that it was the you know extra scary word of felony it was just it was just too much it was unnecessary and there's not a case that says they have to be told that they're felonies especially when the rule just says they should be told of the convictions um you know the mr jones didn't have to bring in a doctor or a pharmacist and i cannot emphasize enough that the state was the one who kept that out and it was just keeping their thumb on the scale by um by going on and on and on about how he was lying and how he couldn't he should have more um more specific um dates and times and things that's just it was just unnecessary and you know just punching down um and as far as you know counsel arguing that the hydrocodone is this you know extra terrible drug or whatever um you know adderall is a for um for adhd and yet they would be criminalized for possessing it outside of the container it's not you know the 312 g doesn't just apply to hydrocodone or pain medications that some people abuse it applies to all controlled substances which is a whole range of substances and it really just boils down to um the fact that the legislature would have criminalized the behavior it would have put it under 402 if it intended for anyone who carries a prescribed controlled substance outside of the original prescription container um it you know is guilty of unlawful unlawful possession the legislature would have done that and they they did not so um unless this court has any further questions we would mr jones would just respectfully request that this court um reverse his conviction and remand for further proceedings do you have any questions miss justice i do not okay i do not either all right well thank you both for your arguments and we will take this matter under advisement and issue a decision in due course